NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 KA 1211

*PMc by JEW*

*JEW*

*Mut*

STATE OF LOUISIANA

VERSUS

JORDAN SINGLETARY

Judgment Rendered: JUN 0 6 2022

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 02-19-0327

Honorable Bonnie F. Jackson,[1] Judge Presiding

* * * * * *

Hillar C. Moore, III
District Attorney
Jerri Ann Lee
Assistant District Attorney
Baton Rouge, Louisiana

Counsel for Appellee
State of Louisiana

Lieu T. Vo Clark
Louisiana Appellate Project
Mandeville, Louisiana

Counsel for Defendant/Appellant
Jordan Singletary

* * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

---

[1] Judge Jackson, who presided over this matter, was succeeded by the Honorable Eboni Johnson Rose, elected in December 2020 to Division K/Section 4 of the 19th JDC.

**McCLENDON, J.**

The defendant, Jordan Singletary, was charged by bill of information with molestation of a juvenile, a violation of LSA-R.S. 14:81.2. The defendant pled not guilty to the charge. The defendant subsequently withdrew his not guilty plea and, at a **Boykin** hearing, pled guilty to the amended charge of indecent behavior with juveniles, a violation of LSA-R.S. 14:81. See **Boykin v. Alabama**, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). The defendant was sentenced to seven years imprisonment at hard labor with the first two years of the sentence to be served without benefit of parole, probation, or suspension of sentence. The defendant was given credit for time served, the balance of the defendant's sentence was subsequently suspended, and the defendant was placed on active supervised probation for three years. The defendant now appeals. We affirm the conviction and sentence.

## FACTS

Because the defendant pled guilty, the facts were not fully developed. At the **Boykin** hearing, the prosecutor informed the trial court that the defendant previously dated the mother of J.W., the victim, and agreed to watch J.W. between September 28, 2018 and September 30, 2018. When J.W.'s mother went to pick up J.W., she overheard the defendant telling J.W. to rub his penis. Additionally, J.W. told her mother that the defendant showed her pornography and attempted to touch her breasts through her shirt.

## ISSUES PRESENTED

Appellate counsel for the defendant has filed a motion to withdraw as counsel of record, together with a brief referencing the procedures outlined in **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), **State v. Jyles**, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), and **State v. Benjamin**, 573 So.2d 528 (La.App. 4 Cir. 1990). Appellate counsel avers that, after a conscientious and thorough review of the record, she has found no nonfrivolous issues to raise on appeal and no ruling of the trial court that arguably supports an appeal.

2

Appellate counsel has notified the defendant of the filing of this motion and informed him of his right to file a *pro se* brief. The defendant has not filed a *pro se* brief with this court.

This court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. The defendant was properly charged by bill of information; the bill was signed by the District Attorney or an assistant district attorney. The defendant was present and represented by counsel at arraignment, sentencing, and guilty plea. The sentence imposed is legal in all respects. See **Benjamin**, 573 So.2d at 531.

While appellate counsel makes no specific argument on appeal, she asks us to review the record for patent error. This court routinely reviews the record for error under LSA-C.Cr.P. art. 920(2), whether or not such a request is made by a defendant or defense counsel. Under LSA-C.Cr.P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. See **State v. Price**, 2005-2514 (La.App. 1 Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277. After a careful review of the record in these proceedings, we have found no reversible patent errors.

Our independent review reveals no nonfrivolous issues which arguably support this appeal. Accordingly, the defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw as attorney of record is hereby granted.

## CONCLUSION

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW AS ATTORNEY OF RECORD GRANTED.**